**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                                   *412/644-3500*

April 29, 2026

Stephen E. Sebald, Esquire
Sebald, Hackwelder & Knox
Lovell Place
137 East 13th Street
Erie, Pennsylvania 16503

Re:     United States of America v.
        DYLAN MICHAEL MILLER
        Criminal No. 23-17 Erie

Dear Mr. Sebald:

This letter sets forth the agreement by which your client, DYLAN MICHAEL MILLER, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between DYLAN MICHAEL MILLER and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, DYLAN MICHAEL MILLER will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, DYLAN MICHAEL MILLER, agrees to the following:

        1.    The defendant will enter a plea of guilty to Counts One, Eight and Sixteen of the Indictment at Criminal No. 23-17 Erie, charging the defendant with violating 18 U.S.C. §§ 1349, 1028A(a)(1) and 2, 2252(a)(4)(B), and 2252(b)2), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL
USE**

April 29, 2026
Page 2

2.      The defendant acknowledges the defendant's responsibility for the conduct charged in Count Nine of the Indictment at Criminal No. 23-17 Erie and stipulates that the conduct charged in that Count may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3.      The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663, 3663A, 3664 and 2259 to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States.  If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household.  If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination.  Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources.  The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

4.      The defendant acknowledges and agrees that in accordance with 18 U.S.C. § 2259, mandatory restitution includes, but is not limited to, any minor victim of a child pornography offense charged under Chapter 110, United States Code.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing for restitution purposes, if necessary.

5.      The defendant acknowledges and agrees that in accordance with 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim at Count Sixteen shall not be less than $3,000.00 for trafficking in child pornography offenses.

6.      The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

April 29, 2026
Page 3

7.    The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. §§ 1030(i)(1)(A), 1030(i)(1)(B), 1030(i)(2) and 2253(a)(3), including but not limited to the following:

   a.    Toshiba external hard drive bearing serial number X5D8SW7VS64A;
   b.    HP laptop computer bearing serial number BCG7445XPS;
   c.    HP gray laptop computer bearing the partial identifier 584027-001;
   d.    Gaming computer bearing the identifier ABS157879160-074;
   e.    iPhone bearing the identifier 352912114146111.

8.    The defendant acknowledges that the above-described property was used or intended to be used, in any manner or part, to commit, and/or facilitate the commission of the offenses charged at Counts One, Eight and Sixteen.

9.    The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number, and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

10.    If the Court imposes a fine or restitution as part of a sentence of incarceration, DYLAN MICHAEL MILLER agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

11.    At the time DYLAN MICHAEL MILLER enters the defendant's plea of guilty, the defendant will deposit a special assessment of $300 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

12.    Defendant further agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 2259A as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court.

13.    As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 34 U.S.C. § 20901 et seq.), DYLAN MICHAEL MILLER agrees to report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for the defendant's supervision, and further agrees to register as a convicted sex offender under the law of any state in

April 29, 2026
Page 4

which the defendant resides, is employed, carries on a vocation, or is a student.

14. DYLAN MICHAEL MILLER waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

15. DYLAN MICHAEL MILLER waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, DYLAN MICHAEL MILLER may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, DYLAN MICHAEL MILLER may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

16. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States Attorney will move to dismiss the remaining count of the Indictment at Criminal No. 23-17 Erie, without prejudice to its

April 29, 2026
Page 5

reinstatement if, at any time, DYLAN MICHAEL MILLER is permitted to withdraw the defendant's plea of guilty. In that event, DYLAN MICHAEL MILLER waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of DYLAN MICHAEL MILLER in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

3.    The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

4.    The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    DYLAN MICHAEL MILLER and the United States Attorney further understand and agree to the following:

1.    The penalty that may be imposed upon DYLAN MICHAEL MILLER at Count One is:

(a)    A term of imprisonment of not more than 20 years;

(b)    A fine of not more than $250,000, or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

(c)    A term of supervised release of not more than 3 years;

(d)    A special assessment under 18 U.S.C. § 3013 of $100; and,

(e)    Mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664.

April 29, 2026
Page 6

2.  The penalty that may be imposed upon DYLAN MICHAEL MILLER at Count Eight is:

    (a)  A term of imprisonment of two years to run consecutively with any other term imposed;

    (b)  A fine of not more than $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

    (c)  A term of supervised release of not more than 1 year;

    (d)  A special assessment under 18 U.S.C. § 3013 of $100;

    (e)  Mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664.

3.  The penalty that may be imposed upon DYLAN MICHAEL MILLER at Count Sixteen is:

    (a)  A term of imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than twenty (20) years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years;

    (b)  A fine of not more than $250,000;

    (c)  A term of supervised release of not less than 5 years and up to life;

    (d)  A special assessment under 18 U.S.C. § 3013 of $100;

    (e)  A special assessment under 18 U.S.C. § 2259A(a)(1) of not more than $17,000;

    (f)  Mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664;

(g)    Mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000 per victim.

4.    The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

5.    Because the offenses of conviction were part of a conspiracy of criminal activity, restitution is not limited to the offenses of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by DYLAN MICHAEL MILLER's criminal conduct in the course of the conspiracy.

6.    Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a total term of imprisonment of 7 years, a total term of supervised release of 5 years, and special assessments, a fine, and restitution as ordered by the Court.

The parties agree that the sentence for Count One shall be a term of imprisonment of two years and a term of supervised release of three years, the sentence for Count Eight shall be a term of imprisonment of two years and a term of supervised release of one year, and the sentence for Count Sixteen shall be a term of imprisonment of three years and a term of supervised release of five years. The terms of imprisonment shall be imposed to be served consecutively, and the terms of supervised release shall be imposed to be served concurrently.

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

7.    The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. DYLAN MICHAEL MILLER acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

8.    This agreement does not preclude the government from pursuing any civil or administrative remedies against DYLAN MICHAEL MILLER or the defendant's property.

April 29, 2026
Page 8

9.      If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand.  In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant.  The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court.  A breach of this plea agreement shall be established by a preponderance of the evidence.

10.     The parties agree that, although a charge is to be dismissed pursuant to this agreement, DYLAN MICHAEL MILLER is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). DYLAN MICHAEL MILLER waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

11.     Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement.  The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between DYLAN MICHAEL MILLER and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney

CHRISTIAN A. TRABOLD
Assistant United States Attorney

April 29, 2026
Page 9

I have received this letter from my attorney, Stephen E. Sebald, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement.  I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania.  I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
DYLAN MICHAEL MILLER

_____
5/26/2026
Date

Witnessed by:

_____
STEPHEN E. SEBALD, ESQUIRE
Counsel for DYLAN MICHAEL MILLER